1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

7

CENTRAL TRANSPORT INTERNATIONAL,
INC.,

8

Plaintiff,

9                                                                         CASE NO. C05-1919C

vs.

10                                                                        ORDER

11

MOVERS PAK-MAN, INC., PATRIOT

12   INTERNATIONAL FORWARDING, INC.,
MICHELLE HAYES, BONNIE HAMLETT,

13   and DARRELL HAMLETT,

14                    Defendants.

15

16        This matter has come before the Court on Defendant Michelle Hayes's 12(b)(6) motion to

17   dismiss Plaintiff's complaint.  (Dkt. No. 9.)  Defendants Movers Pak-Man, Bonnie Hamlett and

18   Darrell Hamlett joined in Defendant Hayes's motion.  Having carefully considered the papers filed by

19   the parties, the Court has determined that no oral argument shall be necessary.  For the reasons that

20   follow, the Court hereby DENIES the motion.

21        Defendant Hayes brings her motion pursuant to Federal Rule of Civil Procedure 12(b)(6),

22   which permits a court to dismiss a cause of action if it fails to state a claim upon which relief may be

23   granted.   Under Rule 12(b)(6), a court will grant dismissal only if "it appears beyond doubt that the

24   plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*

ORDER – 1

1    *v. Gibson*, 355 U.S. 41, 45–46 (1957).  While a court must accept all material allegations in the

2    complaint as true and construe them in the light most favorable to the nonmoving party, conclusory

3    allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to

4    defeat a motion to dismiss.  *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).  In addition, a court's

5    obligation to construe allegations in the light most favorable to the nonmoving party does not mean

6    that those allegations must be construed in a light favorable to the nonmoving party, if such a

7    construction cannot reasonably be made.

8         In the present case, Defendant Hayes contends that Plaintiff's complaint must be dismissed as

9    time-barred by the 18-month statute of limitations contained in 49 U.S.C. § 14705.  This statute

10   provides that "A carrier providing transportation or service . . . must begin a civil action to recover

11   charges for transportation or service provided by the carrier within 18 months after the claim

12   accrues."  49 U.S.C. § 14705(a).  However, Plaintiff's complaint does not seek to "recover charges

13   for transportation or service" within the meaning of the statute.  Accordingly, the Court does not

14   find that the causes of action asserted in Plaintiff's complaint are subject to the statute of limitations

15   contained in 49 U.S.C. § 14705.

16        Defendant Hayes also argues that Plaintiff's claims are not properly before the Court because

17   "[i]n order for [Plaintiff] to recover on any of its claims for misrepresentation, fraud, breach of

18   fiduciary duty, and alter ego, CTI must . . . be able to show that it is a creditor of Patriot and prove

19   the exact amount of those claims." (Hayes Reply 4–5.)  Defendant Hayes asserts that in order to

20   qualify as a "creditor," Plaintiff must have a judgment in hand.

21        As a preliminary matter, Defendant Hayes's argument pertains only to Plaintiff's claim under

22   the Uniform Fraudulent Transfer Act ("UFTA"), WASH. REV. CODE ch. 19.40.  None of Plaintiff's

23   other claims (among them garden-variety claims for intentional and negligent misrepresentation)

24   require that Plaintiff be a creditor.

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Second, Defendant Hayes's argument that Plaintiff would only properly be considered a "creditor" for the purposes of its UFTA claim if it had a judgment against Defendants in hand is without merit.  The statute defines "creditor" as "a person who has a claim," and defines "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." WASH. REV. CODE §§ 19.40.010(3)–(4).  In the present case, Plaintiff's complaint clearly alleges facts which, if true, would lead to a finding that Plaintiff has a "claim".  Accordingly, the Court finds that Plaintiff's complaint alleges sufficient facts regarding its creditorship for UFTA purposes to survive Defendant Hayes's motion to dismiss.

For the foregoing reasons, the Court finds that Plaintiff's complaint survives Defendant Hayes's motion to dismiss.

Finally, Defendant Hayes argues that as to herself, Plaintiff may only recover $76,997.18, the amount allegedly fraudulently transferred to her by Patriot.  Plaintiff's prayer for relief clearly states that this sum is the only sum it seeks from Defendant Hayes in terms of avoiding alleged fraudulent transfers.  Defendant Hayes offers no reason why she may not be held liable for an amount above and beyond the $76,997.18 on the basis of Plaintiff's other claims (if Plaintiff prevails).  Accordingly, the Court declines to limit Defendant Hayes's liability to the amount of the alleged fraudulent transfer.

Defendants' motion to dismiss is DENIED.

SO ORDERED this 9th day of August, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 3